# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY WARREN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:12CV1147 LMB |
| IAN WALLACE, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, petitioner's motion to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915. However, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner was convicted by a state jury of first degree assault and armed criminal action. On May 24, 2000, the state court sentenced petitioner to seventeen years' imprisonment. After his conviction was final, petitioner filed a Rule 29.15 motion for postconviction relief in the state court, which was denied. The Missouri

Court of Appeals affirmed the denial of relief on May 13, 2003. Petitioner did not seek discretionary review by the Missouri Supreme Court.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period began to run when the time for filing a motion for rehearing by the Missouri Supreme Court expired. Gonzalez v. Thaler, 132 S. Ct.

2

641, 653-54 (2012). Such time expired on May 23, 2003, <u>see</u> Mo. Rule 83.02, and the limitations period, therefore, expired in May 2004. As a result, the petition appears to be untimely, and petitioner will be required to show cause why his petition should not be dismissed as time-barred pursuant to § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this 14th day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE